DAUKSCH, Judge,
dissenting:
I respectfully dissent.
This is a summary judgment case. In the complaint it was alleged:
9. WINKLEY did so negligently design and/or manufacture and/or construct and/or select said short leg brace and did breach its warranties by failing to furnish LILLIAN with a leg brace which was merchantable or suitable for her purposes and, as a direct and proximate result thereof when the brace was being used by LILLIAN for the purpose for which it was sold on or about November 12, 1972, the calf band failed to hold due to a fastener which broke, and said leg brace failed to support LILLIAN as described above.
*850 In the answer the defendant The Winkley Company said, inter alia:
The defendants further affirmatively alleged that at all times material hereto, the product as described in plaintiffs’ complaint, was misused, altered, changed, damaged, tampered with and/or was otherwise in a different condition when manufactured and sold by the defendants herein and therefore, the plaintiffs are precluded from recovery against the defendants herein.
At the hearing upon the Motion for Summary Judgment and upon appeal the defendant, The Winkley Company, maintains it cannot, as a matter of law, be found guilty of negligence because even though it manufactured the leg brace and furnished it to the plaintiff it was not responsible for any injuries the plaintiff suffered because the fastener which broke, thereby causing the calf band to fail, was not original equipment but was a replacement put on by someone else.
It is well settled the movant to support a summary judgment must negate' all inferences of legal theories under which the non-movant might proceed and even the slightest doubt must be given to the non-movant.
The paragraph in the Complaint which is set out above is capable of being interpreted at least two ways. I choose to interpret it in a way to give the benefit of the doubt to the plaintiff, the non-movant.
When that paragraph is given the defendant’s interpretation the specific pleading says, essentially, that the brace failed because the calf band failed because the fastener broke and since the fastener was replaced by someone other than The Wink-ley Company (as was shown in discovery) that intervening cause relieved The Wink-ley Company from liability. I agree that if the interpretation is such that the breaking of a defective fastener caused the injury and The Winkley Co. was not responsible for the placement of the fastener then the summary judgment was correct.
But if that paragraph is given the plaintiff’s interpretation then it says, essentially, The Winkley Company negligently designed and constructed the leg brace in such a manner that the brace failed because the band failed to hold when the fastener broke and, inferentially, if the design and construction had been proper the fastener might not have broken, or if it did, the band might have a safety to prevent its failure and therefore prevent the brace failure. Of course, assuming this is a logical interpretation of this not so well pleaded allegation, further facts might entitle defendant to a summary judgment or a jury might find for the defendant. But upon the facts and pleadings now before us I cannot say the court should have granted a summary judgment.
I would reverse.